# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GLADYS KOHR,**

    **Plaintiff,**

vs.                                                                            Case No.  4:14cv228-MW/CAS

**JOHN DOE WARDEN,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner proceeding pro se at the time this case was initiated but who has subsequently been released, has filed a third amended civil rights complaint under 42 U.S.C. § 1983.  Doc. 43.  Plaintiff has also filed a motion to clarify and reconsider.  Doc. 44.  That document does not ask for any specific relief other than requesting review of the complaint and "grant" relief to Plaintiff on the complaint.

Numerous opportunities have been extended to Plaintiff throughout this litigation to file an amended complaint that is sufficient to state a claim.  At the heart of Plaintiff's case is her claim that she was held in prison beyond the end of her sentence because prison officials did not properly credit her time.  It is a plausible claim and one which, if true, creates a heavy sense of unfairness.  Whirl v. Kern, 407 F.2d 781, 791 (5th Cir. 1969) (noting that "[t]here is no privilege in a jailer to keep a prisoner in jail beyond the

period of his lawful sentence.") (citations omitted); Cannon v. Macon Cnty., 1 F.3d 1558, 1562–63 (11th Cir. 1993), opinion modified on reh'g, 15 F.3d 1022 (11th Cir. 1994) (concluding that "[t]he constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release" is a well recognized § 1983 claim) (citations omitted).

However, such a claim is premised on the protections of the Eighth Amendment of the United States Constitution. To demonstrate an Eighth Amendment claim, a prisoner must present allegations which satisfy two requirements: there must be an "objectively, 'sufficiently serious' " deprivation, and there must be a subjective component showing that the prison official had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (rejecting interpretation of Eighth Amendment that would allow liability to be imposed on prison officials solely because of an objectively inhumane prison condition)). "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977. The Supreme Court has made clear that "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." 511 U.S. at 838, 114 S. Ct. at 1979. Moreover, "negligent conduct does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or property." Cannon, 1 F.3d at 1563 (citing Davidson v. Cannon, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986); Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986)).

Without question, the deprivation of one's liberty is a serious constitutional deprivation.  Thus, this case succeeds or fails based on whether Plaintiff can show that a "state actor" was deliberately indifferent to her plight.  Because of the nature of this case, Plaintiff has been provided numerous extensions of time[1] and opportunities to submit a viable complaint.  Several orders have been entered advising Plaintiff of what must be alleged in her amended complaints.  Docs. 16, 21, 27, 39, and 41.  The most recent version of Plaintiff's complaint, doc. 43, has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff's third amended complaint [hereinafter "complaint"], doc. 43, lists only one Defendant: John Doe, the warden[2] of Homestead Correctional Institution.  Accordingly, to state a viable claim, Plaintiff's complaint must allege facts showing how the warden violated her Eighth Amendment rights.

Plaintiff alleged that on January 12, 2012, she was sentenced by Judge Barbara McCarthy in Broward County, Florida, in the Seventeenth Judicial Circuit.  Doc. 43 at 5.  The sentencing transcript is not entirely clear, but it appears that initially Judge McCarthy intended to sentence Plaintiff to 65 months incarceration (a 60 month sentence with a consecutive 5 month sentence on another count) for violating the terms of her probation, but Plaintiff was to have credit for 64 months for time served.  Doc. 43

---

[1] Plaintiff filed five requests for extensions of time.  Docs. 22, 26, 28, 31, and 33.  Four of those were granted.  See doc. 34.  Thereafter, a Report and Recommendation, doc. 36, was entered because Plaintiff did not file a second amended complaint.  Yet Plaintiff's motion for reconsideration, doc. 38, was granted and Plaintiff was given even more time in which to file a viable complaint.  Doc. 39.

[2] Notably, Plaintiff was able to name Warden Boan as a Defendant in the amended complaint.  Doc. 19.

at 28.  At the conclusion of the sentencing proceeding, the transcript indicates that Plaintiff was to be sentenced to just a 60 month concurrent sentence, with "credit for all time served."  *Id.* at 35-36; *see also* doc. 43 at 47-48,[3] and 58.  Thus, it appears that Plaintiff should have been released from state custody almost immediately but, instead, Plaintiff was imprisoned until June 21, 2013.  Doc. 43 at 5; *see also* doc. 43 at 48, 83.  Attached to the complaint is a letter which was written to Plaintiff from her former defense attorney Donald Hill in which he explained that Plaintiff was sentenced "to 60 months."  Doc. 43 at 83.  Mr. Hill said that Plaintiff was to have received 884 days county jail credit, which was approximately 30 months.  *Id.*  She was also to receive credit from the Department of Corrections [hereinafter DOC] of "approximately 35 months" which means Plaintiff was sentenced with the belief that she would receive approximately 65 months credit[4] for time served.  *Id.*

Plaintiff appears to have entered DOC custody on February 1, 2012.  Doc. 43 at 22.  Plaintiff's complaint alleges that while incarcerated at Homestead Correctional Institution, she submitted an "Inmate Request" to Ms. Esteves in late April 2012.  Doc. 43 at 5; *see also* p. 23.  Ms. Esteves requested documentation of Plaintiff's claim that her sentence was calculated incorrectly.  *Id.* at 5, 23.  Plaintiff met with Ms. Esteves on

---

[3] Attached to the complaint was a Defendant's Sentencing Memorandum submitted to federal court which requested the court to take into account the unlawful period of time Defendant (Plaintiff here) was held in state prison when sentencing her on a subsequent federal charge.  Doc. 43 at 47-51.  Judicial notice is taken that Plaintiff was indicted and entered a guilty plea for the offense of re-entry of alien after removal, a violation of 8 U.S.C. § 1326(a) & (b)(2).  Case no. 0:13-cr-60019-RNS.  She was sentenced to the Bureau of Prisons for 12 months and 1 day on August 28, 2013.  Doc. 26 of that case.

[4] The sentencing transcript does not explain the calculation of the credit, but Judge McCarthy stated Plaintiff had "a total of credit for 64.46 months . . . ."  Doc. 43 at 28.

May 3, 2012, but Plaintiff does not allege what transpired in that meeting.  *Id.* at 5.  On May 18, 2012, Ms. Esteves responded to another Inmate Request from Plaintiff concerning the sentence calculation and advised Plaintiff that her "tentative release date [was] pending - to be set."  *Id.* at 5, 22.  Ms. Esteves told Plaintiff she would be "notified once received [from] Central Office."  *Id.* at 22.

On June 4, 2012, Plaintiff submitted an Informal Grievance to Mr. Rosado.[5]  *Id.* at 5, 62.  Plaintiff's grievance advised that her situation was not being handled professionally and she claim she had been waiting 5 months for clarification on her sentence calculation.  *Id.* at 62.  Plaintiff complained that it was her fourth request and she still had not received an answer.  *Id.*  On June 21, 2012, Plaintiff was provided a response to her grievance advising that her file was being audited by central office and when her time was calculated, she would receive notification.  *Id.*  The final comment on the grievance response stated: "This issue cannot be resolved at the Institutional level as it is being reviewed by central office."  *Id.*

Plaintiff then alleges she received a response on July 9, 2012, to grievance log number 1206-419-036, stating that the response provided to her on informal grievance loc 1206-032 "adequately covered [her] complaint."  Doc. 43 at 5.  Although Plaintiff alleged that the warden responded to that grievance, review of the response indicates it was signed by two persons; one person has the surname of Thornton, and although the signature of the other person is not legible, it does not appear to be the signature of

---

[5] It does not appear that Mr. Rosado responded to that grievance.  Doc. 43 at 62.  The signature at the bottom of the grievance indicates it was signed by someone with the surname Woods.  *Id.*

Boan, the warden.[6]  Notwithstanding, the response also advised Plaintiff once again that staff in central office were reviewing her file, and the issue could not be resolved at the institutional level.  Doc. 43 at 88.  Plaintiff alleges that she filed another inmate request on August 14, 2012,[7] concerning the issue and claiming that the "institution was in contempt of court by denying [her] liberty" in violation of the judge's order.  *Id.* at 5.  On September 13, 2012, a response was provided to Plaintiff advising that her grievance "was being returned without further processing in accordance with Chapter 33-103 as 'a decision has already been rendered by a particular office on the issue . . . .' "  *Id.* at 6, 100.

Plaintiff alleged that she filed a motion in the Broward County Circuit Court attempting to obtain an order which would compel DOC to release her.  Doc. 43 at 6.  The Plaintiff states the Court entered an order requiring the state attorney to file a response in 60 days, but no response was ever filed.  *Id.*

Although Plaintiff did not provide factual allegations of an additional event in the complaint, judicial notice is taken of a relevant inmate request which Plaintiff included as exhibits to her complaint.  Doc. 43 at 84.  Plaintiff submitted a request to Warden Boan

---

[6] The signature on that grievance response may be that of Mr. Rosado.  Doc. 43 at 88.  Plaintiff provided a copy of another informal grievance which was addressed to Mr. Rosado, dated August 19, 2012.  *Id.* at 93.  The signature on that response, *id.* at 93, is the same as the signature appearing on the earlier July 9, 2012, response.  *Cf. Id.* at 88.

[7] Review indicates Plaintiff filed an informal grievance, not an inmate request form, and it was dated August 19, 2012, not August 14, 2012, as alleged in the complaint.  *Cf.* doc. 43 at 5-6, 100.  Moreover, although Plaintiff alleged in the complaint that a response was provided by the warden, the attached grievance reveals Plaintiff directed the grievance to Mr. Rosada and the signature is likely his.  *Id.* at 100.  It does not appear to be the signature provided by warden Boan.  *See id.* at 84.

Case No. 4:14cv228-MW/CAS

on October 19, 2012, in which Plaintiff complained that she needed help because her sentence expired "close to a year ago." Id.  Plaintiff complained that Central Office provided "a date but classification says it is wrong." Id.  Plaintiff asserted that according to her "legal documents," she was "way over [her] time and should be released." Id.  A response was provided to Plaintiff on November 9, 2012, which stated: "This issue has already been reviewed by classification staff at this facility as well as Central Office.  No further action." Id.  The response appears to have been signed by Warden Boan.

Plaintiff concludes her complaint by asserting that she was falsely imprisoned for 17 months and seeks relief of two hundred thousand dollars in compensatory damages as well as unspecified punitive damages. Id. at 7.  Plaintiff maintains she should have been released from prison on or about February 12, 2012. Id. at 5.  Plaintiff was not released until June 21, 2013, over 17 months later. Id. at 8.

In Sample v. Diecks, 885 F.2d 1099, 1110 (3rd Cir. 1989), the Third Circuit considered a similar claim that the plaintiff had been imprisoned beyond the lawfully imposed sentence.  The court analyzed the Eighth Amendment claim utilizing "deliberate indifference" as the appropriate standard:

> To establish § 1983 liability in this context, a plaintiff must first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight.

Sample, 885 F.2d at 1110 (quoted in Williams v. Brock, No. 5:10cv83-RS/GRJ, 2013 WL 535831, at *5 (N.D. Fla. Jan. 11, 2013), Report and Recommendation approved, No. 5:10cv83-RS/GRJ, 2013 WL 530557 (N.D. Fla. Feb. 12, 2013) (concluding "that

Defendant was not aware of the risk that Plaintiff would be confined by the DOC beyond the sentence intended by the state court.")).  To establish a viable claim, Plaintiff must show that the named Defendant was deliberately indifferent.  See Haygood v. Younger, 769 F.2d 1350, 1354–55 (9th Cir. 1985), *cert. denied*, 106 S.Ct. 3333 (1986) (stating "[d]etention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest"); Alexander v. Perrill, 916 F.2d 1392, 1398 (9th Cir. 1990) (prison officials were deliberately indifferent when they refused to investigate a prisoner's claim of sentence miscalculation); Campbell v. Illinois Dep't of Corrs., 907 F.Supp. 1173, 1180-1182 (N.D.Ill. 1995) (leaving open possibility that magnitude of the error in sentence calculation might supporting showing of deliberate indifference); Plumb v. Prinslow, 847 F.Supp. 1509, 1521 (D. Or. 1994); Moore v. Tartler, 986 F.2d 682, 687 (3rd Cir. 1993) (holding that investigation, though delayed, was not "so inept or ineffectual that deliberate indifference of the part of the parole board officials may be inferred"); Lundblade v. Franzen, 631 F.Supp. 214 (N.D.Ill.1986) (finding that where an investigation was conducted, although mistaken interpretation of the statute was reached, an Eighth Amendment claim was not supported).

    Here, Plaintiff has not provided facts which demonstrate that Warden Boan violated her Eighth Amendment rights.  The attachments to Plaintiff's complaint demonstrate that her grievances and inmate request forms advised Plaintiff that the issue must be resolved by DOC's Central Office.  There is no indication that sentence calculations are made at the institutional level.  Thus, by the time Plaintiff complained to Warden Boan about her plight, a decision had been reached by Central Office and

reviewed by classification staff.  Doc. 43 at 84.  There are no factual allegations which demonstrate that Warden Boan had any involvement in calculating Plaintiff's sentence, or responsibility for review.  Those actions were taken by other prison officials.  It appears that calculations of sentence credit are performed by officials in Central Office.  Officials in classification also appear to have oversight, but there is no indication that a prison warden has any personal involvement.  The warden may not be held liable for incorrect calculations made by other persons because respondeat superior is not a basis for liability in a civil rights action.  Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Srvcs, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)).  The law is clear, however, that a prison official cannot be named as a Defendant in a civil rights case merely because he or she has supervisory authority over others.  Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010).  Because Plaintiff has not shown that Defendant Boan was deliberately indifferent to the issue of her sentence calculation, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Finally, it is not sufficiently clear who may have caused Plaintiff harm or who may have incorrectly calculated her credit.  The sentencing transcript makes it apparent that the trial judge intended to have Plaintiff incarcerated for just a short period of time.  Plaintiff was sentenced to 60 months with "credit for all time served."  Doc. 43 at 35-36; 80.  It was stated on the record that Plaintiff had "a total of credit for 64.46 months, a credit of 5.37 years . . . ."  Id. at 28.  There is no documentation presented to determine how that credit was calculated for the Court but, certainly, the intention was not to have Plaintiff spend 17 months in state prison.  There is, however, documentation from prison

officials which show calculations for Plaintiff's credit.  Doc. 43 at 80.  Using the 60 month sentence, that was calculated to be 1,825 days.  *Id.*  Plaintiff was then given credit for prior DOC time served (July 28, 2008 through May 25, 2009) of 301 days, or 9 months.  *Id.*  She was also given credit for prior jail time served of 1,063 days, or 35 months.  *Id.*  That led to the establishment of a release date of October 13, 2013, doc. 43 at 80, which would be reduced further through the accumulation of gain time.  Mathematically, the calculation of a 60 month sentence, reduced by 35 month jail credit, and 9 month DOC credit leaves approximately 16 months to be served in prison.  The confusing issue is in how the sentencing court determined Plaintiff should have credit for 64 total months.  That issue remains unresolved.  What is resolved here, however, is that Plaintiff has not demonstrated that any prison official was deliberately indifferent to her liberty.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion, doc. 44, be **DENIED**, and the third amended complaint, doc. 43, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on July 16, 2015.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**